**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL GODINO,<br><br>     Plaintiff,<br><br>v.<br><br>J.P. LICK'S HOMEMADE ICE CREAM COMPANY, INC.<br><br>     Defendant. | Case No. 1:18-cv-10066-FDS |

**DEFENDANT'S ANSWER AND DEFENSES**
**TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, J.P. Lick's Homemade Ice Cream Company, Inc., ("J.P. Lick's") submits this Answer in response to Plaintiff, Michael Godino's ("Plaintiff") Complaint, and states as follows:

**INTRODUCTION**

1. J.P. Lick's denies all the allegations in paragraph 1 of the Complaint.

2. J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations in paragraph 2 of the Complaint.

3. J.P. Lick's denies all the allegations in paragraph 3 of the Complaint.

4. J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations in paragraph 4 of the Complaint.

5. J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, J.P. Lick's denies that persons with vision-impairments are precluded from engaging with aspects of the food industry. J.P. Lick's otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

7. J.P. Lick's denies the allegations in paragraph 7 of the Complaint.

8. J.P. Lick's denies the allegations in paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, J.P. Lick's is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

10. In response to paragraph 10 of the Complaint, J.P. Lick's is without knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. J.P. Lick's specifically denies that its services are unavailable to persons with vision impairments.

11. In response to paragraph 11 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

## JURISDICTION AND VENUE

12. In response to paragraph 12 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

13. In response to paragraph 13 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

## PARTIES

14.     In response to paragraph 14 of the Complaint, J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

15.     In response to paragraph 15 of the Complaint, J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

16.     In response to paragraph 16 of the Complaint, J.P. Lick's admits that it is a corporation organized under the laws of the Commonwealth of Massachusetts with a service of process address at 659 Centre Street, Jamaica Plain, MA 02130.

17.     In response to paragraph 17 of the Complaint, the allegations contained therein are vague, ambiguous, immaterial, unintelligible, contains legal arguments and conclusions for which no response is required, and the website speaks for itself.  To the extent Paragraph 17 is deemed to contain factual allegations, J.P. Lick's denies each and every allegation, except admits that it operates restaurants at physical locations in Massachusetts.

18.     In response to paragraph 18 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

## CLASS ACTION ALLEGATIONS

19.     In response to paragraph 19 of the Complaint, J.P. Lick's admits that Plaintiff seeks to bring a class action, but denies that a class action is appropriate.

20.     In response to paragraph 20 of the Complaint, J.P. Lick's admits that Plaintiff seeks to bring a class action, but denies that a class action is appropriate.

4846-9252-5411.2

21. In response to paragraph 21 of the Complaint, J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. J.P. Lick's further denies that a class action is appropriate.

22. J.P. Lick's denies the allegations in paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

24. In response to paragraph 24 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations. J.P. Lick's denies, however, that Plaintiff's situation is typical with potential class members and denies that a class action is appropriate.

25. In response to paragraph 25 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations. J.P. Lick's further denies that a class action is appropriate.

26. In response to paragraph 26 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations. J.P. Lick's further denies that a class action is appropriate.

27. In response to paragraph 27 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations. J.P. Lick's further denies that a class action is appropriate.

28. In response to paragraph 28 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

## **FACTUAL ALLEGATIONS**

29. In response to paragraph 29 of the Complaint, J.P. Lick's admits that it operates restaurants with locations in the Commonwealth of Massachusetts.

30. In response to paragraph 30 of the Complaint, the allegations contained therein are vague, ambiguous, immaterial, unintelligible, contain legal arguments and conclusions for which no response is required, and the operation of the website speaks for itself.  To the extent paragraph 30 is deemed to contain factual allegations, J.P. Lick's denies the allegations.

31. In response to paragraph 31 of the Complaint, the allegations contained therein are vague, ambiguous, immaterial, unintelligible, contain legal arguments and conclusions for which no response is required, and the website speaks for itself.  To the extent Paragraph 31 is deemed to contain factual allegations, J.P. Lick's denies the allegations.

32. J.P. Lick's denies the allegations in paragraph 32 of the Complaint.

33. J.P. Lick's denies the allegations in paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

35. In response to paragraph 35 of the Complaint, J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.

36. In response to paragraph 36 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.  J.P. Lick's specifically denies that the standards referred to by Plaintiff are required by law.

37. J.P. Lick's denies the allegations in paragraph 37 of the Complaint.

38. J.P. Lick's denies the allegations in paragraph 38 of the Complaint and further states that the content and structure of the website speaks for itself.

39. J.P. Lick's denies the allegations in paragraph 39 of the Complaint and further states that the content and structure of the website speaks for itself.

40. J.P. Lick's denies the allegations in paragraph 40 of the Complaint and further states that the content and structure of the website speaks for itself.

41. In response to paragraph 41 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.  J.P. Lick's specifically denies that the standards referred to by Plaintiff are required by law.

42. In response to paragraph 42 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.  J.P. Lick's specifically denies that the standards referred to by Plaintiff are required by law.

43. In response to paragraph 43 of the Complaint, J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  J.P. Lick's denies, however, any violation of law.

44. In response to paragraph 44 of the Complaint, J.P. Lick's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  J.P. Lick's specifically denies that the standards referred to by Plaintiff are required by law.

45. J.P. Lick's denies the allegations in paragraph 45 of the Complaint.

46. J.P. Lick's denies the allegations in paragraph 46 of the Complaint.

47. J.P. Lick's denies the allegations in paragraph 47 of the Complaint.

48. J.P. Lick's denies the allegations in paragraph 48 of the Complaint.

4846-9252-5411.2

## FIRST CAUSE OF ACTION

49. In response to paragraph 49 of the Complaint, J.P. Lick's incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 48 above.

50. In response to paragraph 50 of the Complaint, J.P. Lick's states that the ADA speaks for itself.

51. In response to paragraph 51 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

52. In response to paragraph 52 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

53. In response to paragraph 53 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

54. In response to paragraph 54 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

55. In response to paragraph 55 of the Complaint, J.P. Lick's states that it is not required to answer legal conclusions and argument, and on that basis, denies the allegations.

56. In response to paragraph 56 of the Complaint, J.P. Lick's states that the ADA speaks for itself.

57. In response to paragraph 57 of the Complaint, J.P. Lick's states that the ADA speaks for itself and denies that the guidelines referred to are required by law.

58. J.P. Lick's denies the allegations in paragraph 58 of the Complaint.

59. J.P. Lick's denies the allegations in paragraph 59 of the Complaint.

60. J.P. Lick's denies the allegations in paragraph 60 of the Complaint.

61. J.P. Lick's denies the allegations in paragraph 61 of the Complaint.

62. J.P. Lick's denies the allegations in paragraph 62 of the Complaint.

63. J.P. Lick's denies the allegations in paragraph 63 of the Complaint.

64. J.P. Lick's denies the allegations in paragraph 64 of the Complaint.

## SECOND CAUSE OF ACTION

65. In response to paragraph 65 of the Complaint, J.P. Lick's incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 64 above.

66. J.P. Lick's denies the allegations in paragraph 66 of the Complaint.

67. J.P. Lick's denies the allegations in paragraph 67 of the Complaint.

## AFFIRMATIVE DEFENSES

1. J.P. Lick's at all times acted in good faith and in compliance with the law.

2. Some or all of the claims asserted in the Complaint fail to state a claim upon which relief may be granted.

3. Plaintiff's claims should be dismissed, in whole or in part, because he is estopped as to such claims by his own actions, bad faith, laches and/or waiver.

4. Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested to the extent that Plaintiff is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which he basis his claims.  Moreover, Plaintiff lacks standing because he has not suffered any actual injury that is concrete and particularized, and, for purposes of argument, in the event that Plaintiff suffered such an injury, it is not likely that a favorable court decision would redress that injury because Plaintiff's claims are moot.  Finally, Plaintiff lacks standing because he may not have been a *bona fide* patron of J.P. Lick's, but visited the subject website, if at all, solely for the purposes of instituting the instant litigation.

5. Plaintiff failed to provide notice of any alleged violations prior to commencing this action, and J.P. Lick's did not have any actual or constructive notice of any accessibility issues regarding the website at issue.

6. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

7. Plaintiff's claims are barred, in whole or in part, because the website at issue is not a place of public accommodation as the term is defined by the statutes at issue.

8. Plaintiff's claims are barred, in whole or in part, because the purported barriers are *de minimus* and/or within conventional industry tolerances. Moreover, some or all of the alleged issues raised by Plaintiff are not barriers to access and do not prevent the enjoyment of the goods and services available at the subject website and/or at any physical place related to the website.

9. Many, if not all, of the conditions alleged to violate the ADA no longer exist, and therefore, Plaintiff's claims for relief are moot. Plaintiff is not entitled to recovery of attorneys' fees and/or costs for moot claims. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

10. Plaintiff has not incurred any actual damages or suffered any actual injury. Nonetheless, to the extent that Plaintiff did incur any actual damages or suffer any actual injury, the alleged injury and damages were not caused by any act or omission of J.P. Lick's, and Plaintiff failed to mitigate the alleged damages.

11. J.P. Lick's provides equivalent facilitation by providing reasonable alternatives for visually impaired individuals, through among other things, providing in-person and telephonic assistance to provide customers with information about and access to its products.

12. Plaintiff's claims are barred by the ripeness doctrine because the U.S. Department of Justice has not issued regulations on accessibility standards for websites.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction.  The U.S. Department of Justice issued an Advance Notice of Proposed Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010.  On July 20, 2017, the Department of Justice placed its rulemaking under Title III of the ADA for websites on the 2017 Inactive Actions list.  To date, the Department of Justice has not promulgated any standards, regulations, and/or guidelines governing the accessibility of websites.

14. Plaintiff's claims are barred, in whole or in part, because any liability for an inaccessible website would violate due process.  Neither the ADA nor the state or local statutes at issue specifically address websites, and neither the U.S. Department of Justice nor any other applicable federal, state, or local agency has issued any regulations or technical standards specifying if and to what extend websites must be accessible or any legal standard to be applied in determining if a website is accessible.

15. J.P. Licks' right to due process would be violated by imposing liability on it for the failure to abide by alleged accessibility standards about which the government has not given J.P. Lick's fair notice.

16. Plaintiff's assertion that the WCAG 2.0 Level AA guidelines constitute a legal standard would require an impermissible imposition of standards without following the appropriate methodology for creating regulatory requirements.

17. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff relies upon the WCAG because such guidelines are not statutory or regulatory authority, but, rather,

voluntary guidelines for web accessibility created by a private organization, and J.P. Licks' website is not required to be compliant with those guidelines.

18. In the absence of federal, state, and/or local regulations and/or technical standards, J.P. Lick's may choose how it provides access to and/or communicate with individuals with disabilities. J.P. Lick's provides access to and communicates effectively with individuals with disabilities by various means.

19. To the extend the J.P. Lick's is deemed to be not in compliance with any of the statutes at issue or any regulations, standards or guidelines, any such noncompliance was caused by third parties who are outside of the direct day-to-day control of J.P. Lick's. J.P. Lick's contracted with third party entities to design, construct, and maintain J.P. Licks' website and/or certain features or functionalities thereof.

20. Plaintiff fails to allege that Plaintiff sought and J.P. Lick's failed to provide appropriate auxiliary aids and services.

21. Plaintiff fails to allege that the requested accommodations would not fundamentally alter the nature of the goods, services and privileges provided.

22. There are no barriers to accessing the website at issue. However, for purposes of argument, if any such barriers do exist, their removal would impose an undue burden on J.P. Lick's due to the complexity and/or infeasibility of the required changes.

23. Plaintiff may not maintain the lawsuit as a class action because he cannot establish the requirements of Federal Rule of Civil Procedure 23 or equivalent law, including, but not limited to, typicality, superiority, predominance, manageability, ascertainability, and commonality.

24. The purported class (and subclass) is not defined in an ascertainable manner, and Plaintiff's allegations are insufficient to establish a community of interest or standing to bring a suit against J.P. Lick's.

25. The putative class members' claims are barred by the same defenses that bar the named Plaintiff's claims.

26. J.P. Lick's reserves the right to assert additional defenses with regard to some or all of Plaintiff's claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, J.P. Lick's prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of J.P. Lick's;

2. That Plaintiff take nothing by way of her Complaint;

3. That J.P. Lick's be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, J.P. Lick's hereby demands a trial by jury on all issues contained in the Complaint and its Answer.

Respectfully submitted,

                    J.P. LICK'S HOMEMADE ICE CREAM COMPANY, INC.

April 27, 2018           By its attorneys,

                    /s/ Matthew T. McLaughlin
                    Matthew T. McLaughlin (BBO #660878)
                    Marx P. Calderon (BBO #697141)
                    Nixon Peabody LLP
                    100 Summer Street, 25th Floor
                    Boston, MA 02110
                    Telephone: 617-345-1000
                    Facsimile: 617-345-1300
                    mmclaughlin@nixonpeabody.com
                    mcalderon@nixonpeabody.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 27, 2018.

                    /s/ Matthew T. McLaughlin
                    Matthew T. McLaughlin